# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEREMY JEROME,**

    **Plaintiff,**

**vs.**                                                                    Case No. 4:19cv403-MW-CAS

**DRIVERS LICENSE DIVISION,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted an in forma pauperis motion, ECF No. 3, a motion requesting the appointment of counsel, ECF No. 2, and a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also submitted other miscellaneous documents. ECF Nos. 5, 6. Because Plaintiff's motion is supported by a financial affidavit that sufficiently demonstrates that Plaintiff lacks the financial ability to pay the filing fee, the motion is granted and this case may proceed without payment of the filing fee.

Plaintiff's complaint, ECF No. 1, has been reviewed to determine if it states a claim.  Review of the complaint reveals that Plaintiff left the form blank and did not sign it.  Plaintiff did not present any factual allegations, did not state a claim, and did not request any relief from this Court.  *Id.*

The documents attached to Plaintiff's complaint do not provide a clear basis for continuing this litigation either.  The documents submitted are random and do not reveal that Plaintiff's constitutional rights have been violated.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which may be dismissed, sua sponte, pursuant to 28 U.S.C. § 1915(d).  <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first type of case has "claim(s) based on an indisputably meritless legal theory," and the second contains "claims whose factual contentions are clearly baseless."  *Id.*  This case lacks an arguable basis in law and, based on the documents submitted with the complaint, suggest that any complaint submitted would be removed from reality.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990) (citing <u>Neitzke</u>).  Dismissal is appropriate.

Case No. 4:19cv403-MW-CAS

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 3, is **GRANTED**.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted, and that all other pending motions be denied.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.